■ ALVIN WATSON, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), entered September 24, 1990, which, upon granting the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict finding the plaintiff 90% and the defendant 10% at fault in the happening of the accident, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff was injured when a vacant building owned by the defendant collapsed on top of him. The building, located at 460-½ Hart Street in Brooklyn, had previously been sealed, and was awaiting demolition. The plaintiff had stepped into the building to get out of the rain when it collapsed.

We find that the trial court erred in refusing to instruct the jury that the Administrative Code of the City of New York § 26-235 imposed a duty on the defendant to conduct reasonable inspections of the premises to ensure that the building remained sealed (see, Administrative Code of City of NY § 26-235; *Beauchamp v New York City Hous. Auth.*, 12 NY2d 400; *Runkel v City of New York*, 282 App Div 173; *Runkel v Homelsky*, 286 App Div 1101, *affd* 3 NY2d 857; *Raylite Elec. Corp. v City of New York*, 30 AD2d 38, 40, *affd* 24 NY2d 785). Consequently, it was error to set aside the jury verdict and to dismiss the complaint on the ground of insufficient evidence of actual or constructive notice to the defendant that the building had become unsealed, as the issue of notice is irrelevant in light of the defendant's duty to conduct reasonable inspections (see, *Meyer v State of New York*, 92 Misc 2d 996, 1000).

In view of the above determination, we need not address the plaintiff's remaining arguments. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.