■ Marcia Dawson, Appellant, v National Amusements, Inc., Respondent. [687 NYS2d 19] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about March 23, 1998, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

This action arises out of injuries suffered by plaintiff on December 15, 1990, when a seat she was occupying at defendant's movie theater collapsed and she fell to the floor. Plaintiff had been seated for approximately an hour before the accident, and had not noticed anything wrong with the seat. An inspection conducted by defendant's employee immediately after the accident showed that a hinge that supported the chair had broken. The employee also testified that the seats were

inspected on a daily basis by a maintenance crew which performed any necessary repairs and were visually inspected between shows by the ushers. There had been no report of a broken seat prior to the incident.

In order to invoke the doctrine of res ipsa loquitur, a plaintiff must demonstrate that the event is the kind which ordinarily does not occur in the absence of negligence, that it was caused by an agency or instrumentality within the exclusive control of the defendant, and it was not due to any voluntary action or contribution on the part of the plaintiff (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). If the plaintiff meets this burden, the fact-finder is entitled, though not required, to draw an inference of negligence solely upon the happening of the incident (*supra*, at 226).

Here, we find that plaintiff has made a sufficient showing to preclude summary judgment dismissing her claim that defendant should be held liable under a theory of res ipsa loquitur. As to the first element, common experience indicates that in the absence of negligence by the manufacturer, installer or inspector of a chair which is designed for use in a movie theater, it would not collapse merely because someone sits in it for an hour. As to the third element, the record contains no evidence whatsoever that plaintiff did anything to contribute to the accident.

As to the second element, i.e., that the chair was in the exclusive control of defendant, we find that the motion court erred in finding that plaintiff failed to set forth sufficient evidence to withstand summary judgment. In order to establish exclusive control, it is not necessary that a plaintiff demonstrate that defendant had sole physical access to the instrumentality if she can demonstrate that the cause of the accident was " 'probably "such that the defendant would be responsible for any negligence connected with it" ' " (*supra*, at 227).

The evidence here demonstrates that defendant's negligence in inspecting and maintaining the seat is a probable cause of the accident involved.

The only other parties who arguably had access to the hinge were the manufacturer and installer of the hinge and prior patrons of the theater. As to the manufacturer or installer, there was no evidence on the record that the hinge had a latent defect in design, construction, or installation that would not have been revealed on an inspection conducted with due care (*see, Pavon v Rudin*, 254 AD2d 143, 146, quoting *Finocchio v Crest Hollow Club*, 184 AD2d 491, 493 [" 'The defendant, whose employees took possession of the (defective object) immediately

after the accident, offered no evidence to support an inference of some other possible cause for the accident, such as a manufacturing design defect' "]). On the contrary, plaintiff presented evidence that since the chair had been in place for a significant period of time, proper inspections would have revealed any patent defects caused by the manufacturer and/or installer.

As to the prior patrons, even assuming that behavior sufficiently destructive by a patron to do the sort of damage evident here would not have been observed by defendant in the relatively limited confines of a movie theater (*cf.*, *Raimondi v New York Racing Assn.*, 213 AD2d 708, *lv denied* 86 NY2d 707), since defendant's employee testified that the seat was inspected by the maintenance department every evening and by the ushers between every show, it is highly probable that a non-negligent inspection by defendant would have discovered any damage caused to the hinge by a prior patron. Concur— Ellerin, P. J., Rosenberger, Tom and Saxe, JJ.