■ CARLENE REYNOLDS, Respondent, v BOYLSTON REALTY, INC., et al., Appellants. NORTH AMERICAN SEATING CO., Third-Party Plaintiff-Respondent, v ALLSTATE SEATING, INC., Third-Party Defendant-Appellant. [699 NYS2d 401] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered September 16, 1998, which, in an action by a movie theater patron for personal injuries sustained when the seatback of her seat collapsed, denied motions by defendants theater operator and seat cover supplier and third-party defendant seat repairer for summary judgment dismissing the complaint, and granted plaintiff's cross motion to amend her bill of particulars so as to allege res ipsa loquitur, unanimously modified, on the law, to dismiss the complaint as against the seat cover supplier, and to dismiss the seat cover supplier's third-party complaint against the seat repairer, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant North American Seating dismissing the complaint as against it and to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

The doctrine of res ipsa loquitur was properly invoked, and the theater operator's motion for summary judgment properly denied, on the basis of evidence that a maintenance crew inspected the seats in this multiplex theater on a daily basis and fixed any that needed repair, that ushers viewed the seats between every showing of a movie, that there were no reports of a broken seat prior to the incident, and that the seat looked like any other when plaintiff sat down in it prior to the start of the movie. Such evidence, and the absence of evidence as to what might have caused the seat to collapse, tends to show that the theater operator had exclusive control of the seat, and that the seat more likely collapsed due to a structural defect that should have been detected on a nonnegligent inspection than to destructive behavior by a prior patron (see, Dawson v National Amusements, 259 AD2d 329, 331). However, since plaintiff is unable to identify conclusively the particular seat or even theater where the accident happened, she cannot establish that defendant and third-party defendant, which supplied new seat covers and repaired the seats on an as-needed basis, had any contact with the broken seat, much less that their negligence caused it to collapse, and, accordingly, their motions for summary judgment should have been granted. Concur— Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.