[878 NE2d 1015, 848 NYS2d 599]

PETER MILLER, Appellant, v CONSOLIDATED RAIL CORPORATION et al., Respondents.

Decided November 19, 2007

**APPEARANCES OF COUNSEL**

*Buckley, Mendleson, Criscione & Quinn*, Albany (*John J. Criscione* of counsel), for appellant.

*McNamee, Lochner, Titus & Williams, P.C.*, Albany (*Scott A. Barbour* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Defendant CSX was entitled to summary judgment dismissing the complaint because plaintiff failed to raise a triable question of fact on the issue of whether CSX breached a duty of care it owed plaintiff as owner of the railroad yard where plaintiff was injured. Absent a hazardous condition or other circumstance giving rise to an obligation to provide exterior lighting for a particular area, landowners are generally not required "to illuminate their property during all hours of darkness" (*Peralta v Henriquez*, 100 NY2d 139, 145 [2003]). In this case, even assuming CSX had an obligation to light the railroad yard, it is undisputed that CSX provided lighting in the yard. The railroad yard was dark at the time of plaintiff's injury due to a power outage—a problem that CSX did not cause or control and that was known to plaintiff when he entered the property. Thus,

975

plaintiff has failed to come forward with any proof that his injury, caused when he tripped on the ramp of another truck, was attributable to negligence on the part of CSX.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur; Judge READ taking no part.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.