[896 NYS2d 22]

SIANNA SINGH, Respondent, v UNITED CEREBRAL PALSY OF NEW YORK CITY, INC., et al., Appellants, et al., Defendant. UNITED CEREBRAL PALSY OF NEW YORK CITY, INC., et al., Third-Party Plaintiffs-Respondents, v MIRIC INDUSTRIES INCORPORATED et al., Third-Party Defendants-Appellants.

First Department, February 25, 2010

APPEARANCES OF COUNSEL

*Lester Schwab Katz & Dwyer, LLP*, New York City (*Howard R. Cohen* and *Curt Schiner* of counsel), for United Cerebral Palsy of New York City, Inc., and another, appellants/respondents.

*Cohen, Kuhn & Associates*, New York City (*James V. Sawicki* of counsel), for Miric Industries Incorporated, appellant.

*Law Offices of Charles J. Siegel*, New York City (*Christopher A. South* of counsel), for Reliable Door Corp., appellant.

*Shayne, Dachs, Corker, Sauer & Dachs, LLP*, Mineola (*Jonathan A. Dachs* of counsel), and *Cassisi & Cassisi, P.C.*, Mineola, for respondent.

### OPINION OF THE COURT

RICHTER, J.

On December 5, 2003, plaintiff Sianna Singh was walking with a colleague in an enclosed walkway between two buildings owned and occupied by defendants United Cerebral Palsy of New York City, Inc. and United Cerebral (*sic*) of New York City Community Mental Retardation Services Company, Inc. (collectively UCP). The automatic swinging doors leading into the second building were open as plaintiff approached. Plaintiff's colleague, who was walking one or two steps ahead of plaintiff, walked through the doors without incident. As plaintiff walked through, the doors allegedly closed and hit her on her right and left shoulders, causing injury. According to plaintiff, the

automatic doors' motion sensor, which was mounted over the top of the doors, was defective because it failed to detect her as she walked through the doorway.

It is undisputed that UCP's maintenance staff was not responsible for doing repairs on the automatic doors or the sensor mechanism. Instead, UCP contacted defendant/third-party defendant Miric Industries Incorporated on an as-needed basis to perform work at the building.[1] If Miric received a call about the doors, Miric called third-party defendant Reliable Door Corp. to actually perform the work. Although Reliable's witness did not recall making any repairs on the doors, an invoice dated May 14, 2002 indicates that Reliable adjusted the motion sensor on that date.

Plaintiff alleges that UCP had both actual and constructive notice of the alleged defect in the automatic doors and was otherwise negligent in failing to conduct regular inspections of the doors. In particular, plaintiff contends that UCP failed to maintain proper alignment of the electronic beam that causes the doors to open and close. In addition, plaintiff invokes the doctrine of res ipsa loquitur, contending that this type of accident would not normally occur absent negligence. UCP commenced a third-party action against Miric and Reliable, asserting claims for contribution or indemnification or both.

UCP moved for summary judgment dismissing plaintiff's complaint or in the alternative for conditional summary judgment on its common-law indemnification claims against Miric and Reliable. Miric cross-moved for summary judgment dismissing the complaint and the third-party complaint as against it, and Reliable cross-moved for summary judgment dismissing the third-party complaint as against it. Supreme Court denied all the motions (2009 NY Slip Op 30315[U]). We modify to the extent of granting Miric's cross motion for summary judgment.

A property owner is subject to liability for a defective condition on its premises if a plaintiff demonstrates that the owner either created the alleged defect or had actual or constructive notice of it (*Mandel v 370 Lexington Ave., LLC*, 32 AD3d 302, 303 [2006]). To charge a defendant with constructive notice, the defect must be visible and apparent, and must exist for a suf-

---

[1]. Although the case caption that appears on the record on appeal does not designate Miric as a defendant, the record contains a second amended verified complaint naming Miric as a defendant and plaintiff's brief states that plaintiff brought a direct claim against Miric and that Miric was therefore a direct defendant as well as a third-party defendant.

ficient length of time before the accident to permit the defendant's employees to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

■ UCP met its burden of showing that it neither created nor had actual or constructive notice of the alleged defect in the doors' sensor mechanism, and plaintiff failed to raise an issue of fact in opposition (*see Narvaez v New York City Hous. Auth.*, 62 AD3d 419 [2009], *lv denied* 13 NY3d 703 [2009]; *Clark v New York City Hous. Auth.*, 7 AD3d 440 [2004]). Sam Radoncic, UCP's building services director, testified at his deposition that he was responsible for addressing complaints about the doors. Radoncic, who passed through the doors several times each week, never observed them malfunction in any way. Nor in the five years before plaintiff's accident did anyone inform Radoncic of any incidents where the doors closed on someone.

Although plaintiff claims to have observed problems with the automatic doors at some time prior to her accident, she conceded that she never complained to her supervisor or to the maintenance personnel at UCP. Likewise, there is no evidence that plaintiff's coworkers, who, according to plaintiff, "got stuck" between the doors, made any complaints about those incidents (*see Levine v City of New York*, 67 AD3d 510 [2009]).

Plaintiff's claim that UCP was negligent in failing to conduct regular inspections of the motion sensor is unavailing. The duty of a property owner to reasonably inspect premises arises in situations distinct from the facts here, such as where a statute imposes the duty (*see Watson v City of New York*, 184 AD2d 690 [1992]; *Showverer v Allerton Assoc.*, 306 AD2d 144 [2003]) or where an object capable of deteriorating is concealed from view (*see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501 [2007], *lv denied* 9 NY3d 809 [2007]). Moreover, although plaintiff's expert identified the defect as the inadequate positioning of the sensor, there was no showing that a routine inspection would have uncovered that specific problem (*see Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003] ["failure to make a diligent inspection constitutes negligence only if such an inspection would have disclosed the defect" (internal quotation marks and citations omitted)]). Thus, we decline to find, under these circumstances, that UCP had a duty to regularly inspect the sensor mechanism.

■ Nevertheless, we conclude that plaintiff raised issues of fact as to the applicability of the doctrine of res ipsa loquitur. In order to submit a case to a trier of fact based on this theory of

negligence, a plaintiff must establish that the event (1) was of a kind that "ordinarily does not occur in the absence of someone's negligence; (2) [was] caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) [was not] due to any voluntary action or contribution on the part of the plaintiff" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006] [internal quotation marks and citation omitted]). UCP does not dispute that the first factor was satisfied. Nor does it point to any proof in the record that plaintiff contributed in any way to the accident.

UCP focuses on the second factor, arguing that the sensor mechanism was not within its exclusive control because Reliable was responsible for performing repair work on the doors. However, res ipsa loquitur does not require sole physical access to the instrumentality causing the injury and can be applied in situations where more than one defendant could have exercised exclusive control (*Banca Di Roma v Mutual of Am. Life Ins. Co., Inc.*, 17 AD3d 119, 121 [2005]). In addition, there was no exclusive maintenance contract between UCP and Reliable; rather Reliable performed work on the doors on an as-needed basis. We find that the fact that Reliable may have occasionally performed repair services on the sensor mechanism does not, as a matter of law, remove the sensor from UCP's exclusive control (*see Stone v Courtyard Mgt. Corp.*, 353 F3d 155, 160 [2d Cir 2003]).

Thus, this case stands in stark contrast to *Hodges v Royal Realty Corp.* (42 AD3d 350 [2007]), an elevator accident case in which we declined to apply res ipsa loquitur against a building's managing agent. We found that the agent did not have exclusive control over the elevator since the building owner, by way of a written service contract, had ceded all responsibility for the daily operation, repair and maintenance of the elevator to an outside company. Since there is no such exclusive service contract here, an issue of fact exists as to UCP's exclusive control of the sensor mechanism.

Finally, UCP argues that it lacked exclusive control because the doors were used by the public on a daily basis and anyone walking through them could have done something to affect the doors' sensor. In *Ianotta v Tishman Speyer Props., Inc.* (46 AD3d 297, 299 [2007]), we declined to dismiss a similar res ipsa loquitur claim in an elevator door-strike case because the infrared device controlling the door was out of the public's access. Likewise, here, since the motion sensor was located on top of

the automatic doors, there is no real likelihood that the public could have altered it (*see Pavon v Rudin*, 254 AD2d 143, 146 [1998] ["The appropriate target of inquiry is whether the broken component itself was generally handled by the public, not whether the public used the larger object to which the defective piece was attached"]). Because issues of fact exist as to the applicability of the doctrine of res ipsa loquitur, UCP is not entitled to summary judgment dismissing the complaint.[2]

■ The court correctly denied UCP's and Reliable's respective motions for summary judgment on the third-party complaint because there are triable issues of fact as to whether plaintiff's accident was due to Reliable's negligence (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Mendez v Union Theol. Seminary in City of N.Y.*, 17 AD3d 271, 272 [2005]). The evidence in the record shows that Reliable was the only entity that performed any work on the doors. Although Reliable's witness could not recall whether the company repaired the doors before plaintiff's accident, a work invoice shows that, in May 2002, Reliable adjusted the motion sensor, the very instrument in issue here. In light of this evidence and plaintiff's testimony that she had observed problems with the doors prior to her accident, Reliable's negligence, or lack thereof, cannot be determined as a matter of law.

■ However, the court should have granted Miric's cross motion for summary judgment because there was no proof that Miric performed work on the automatic doors. Nor was there any showing that Miric agreed to oversee the quality of or inspect Reliable's work. Miric's role was merely to make a phone call to Reliable. Simply put, there is no evidence that Miric in any way caused or contributed to plaintiff's injuries.

We have considered the parties' remaining contentions and find them without merit.

Accordingly, the order of the Supreme Court, New York County (Debra A. James, J.), entered February 13, 2009, which, to the extent appealed from, denied UCP's motion for summary judgment dismissing the complaint or in the alternative for conditional summary judgment on its common-law indemnification claims against Miric and Reliable, denied Miric's cross motion for summary judgment dismissing plaintiff's complaint and

---

2. *Marszalkiewicz v Waterside Plaza, LLC* (35 AD3d 176 [2006]) does not require a contrary result. In that case, there was no indication what the defective component was or whether it was outside the public's reach.

the third-party complaint, and denied Reliable's cross motion for summary judgment dismissing the third-party complaint, should be modified, on the law, to grant Miric's cross motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and third-party complaint as against Miric.

GONZALEZ, P.J., TOM, ANDRIAS and NARDELLI, JJ., concur.

Order, Supreme Court, New York County, entered February 13, 2009, modified, on the law, to grant Miric Industries Incorporated's cross motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and third-party complaint as against Miric.