■ MICHAEL TAYLOR, Respondent, v LANDS END REALTY CORPORATION, Appellant, et al., Defendant. [941 NYS2d 293]—

Stein, J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 1, 2010 in Franklin County, which, among other things, partially denied a motion by defendant Lands End Realty Corporation for summary judgment dismissing the complaint against it.

Plaintiff was injured when he allegedly fell from the third story of a building owned by defendant Lands End Realty Corporation, a limited liability company of which Bruce Shapiero is a principal. Shapiero lives in Long Island and is not actively involved in the management and operation of the building; instead, he employs a property manager to, among other things, address maintenance issues, as needed. According to plaintiff, one night, while visiting friends who resided in an apartment on the third floor of the building, he exited from an exterior door located in one of the bedrooms onto the unlit landing and attempted to sit at the top of the stairs to smoke a cigarette. In the darkness, plaintiff failed to notice that the stairs had been removed by defendant Ragip Purisic, who had been hired by Lands End and/or its property manager to make certain

repairs. In fact, Purisic had temporarily removed the stairs without erecting any barricade or posting warnings. As a result, when plaintiff went to step down on the first stair tread, he fell to the ground below.

Plaintiff commenced this personal injury action against Lands End and Purisic. Lands End moved for summary judgment dismissing the complaint against it on the theory that, inasmuch as Purisic was an independent contractor, Lands End could not be held vicariously liable for Purisic's actions. Supreme Court agreed that Lands End was not liable for Purisic's actions because he was an independent contractor and found that the nondelegable duty exception to that rule did not apply. Nonetheless, Supreme Court partially denied Lands End's motion, finding that a question of fact remained as to whether the failure to provide exterior lighting could have been a proximate cause of the accident. Lands End now appeals.

As argued by the parties on appeal, the issue before us distills to whether Lands End had an independent duty to provide lighting on the exterior rear staircase of the building, regardless of any claimed defect to the stairs.* Because Lands End, as the movant for summary judgment, failed to meet its burden of establishing, as a matter of law, that it had no such duty, we affirm Supreme Court's order partially denying its motion.

We begin with the well-settled principle that a landowner has a duty to maintain his or her property in a reasonably safe condition, which includes providing a safe means of ingress and egress to tenants (*see Peralta v Henriquez*, 100 NY2d 139, 144 [2003]; *Basso v Miller*, 40 NY2d 233, 241 [1976]; *Gallagher v St. Raymond's R. C. Church*, 21 NY2d 554, 557 [1968]). The scope of such duty is determined " 'in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Basso v Miller*, 40 NY2d at 241, quoting *Smith v Arbaugh's Rest., Inc.*, 469 F2d 97, 100 [DC Cir 1972], *cert denied* 412 US 939 [1973]; *accord Peralta v Henriquez*, 100 NY2d at 144). Whether a landowner has a duty and the extent thereof is for the court to determine (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288 [2001]). The Court of Appeals has held

---

* No evidence was presented to establish that Lands End had either actual or constructive notice that the stairs had been removed. We also note that, while Supreme Court did not directly address plaintiff's argument that Lands End had an independent duty to warn of the dangerous condition, implicit in the court's finding that Lands End lacked actual or constructive notice of such a condition—a finding that plaintiff did not appeal—is a determination that Lands End had no duty to warn and, therefore, was not negligent for failing to do so.

that "[a]bsent a hazardous condition or other circumstance giving rise to an obligation to provide exterior lighting for a particular area, landowners are generally not required 'to illuminate their property during all hours of darkness' " (*Miller v Consolidated Rail Corp.*, 9 NY3d 973, 974 [2007], quoting *Peralta v Henriquez*, 100 NY2d at 145) and has, thus, declined to impose a "generalized one-size-fits-all [common law] duty" to provide illumination to the exterior of a building (*Peralta v Henriquez*, 100 NY2d at 145). However, the Court of Appeals has held that a landowner with knowledge of a condition easily alleviated by illumination may, under some circumstances, have a duty to provide lighting (*see Peralta v Henriquez*, 100 NY2d at 145). We must, therefore, examine the particular circumstances of each case to determine whether such a duty exists, considering, among other things, "[t]he use to which [the] property is put, and the frequency of that use by others" (*id.* at 144).

The record before us establishes that the subject stairway was a secondary means of ingress and egress to four apartments, and plaintiff testified that he had used the stairway in the past without incident, despite the lack of lighting. However, Lands End provided scant evidence regarding the frequency of use of the stairway by others or as to the areas of direct access therefrom. In the procedural context of this case, Lands End, as the movant, had the obligation to provide such information and to resolve all factual issues to prevail on its motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The lack of such critical information renders us unable to determine whether Lands End had an independent duty to provide illumination to the rear exterior of its building, including the area of the missing stairway. Only if such duty is established is there a question as to whether the breach thereof was a proximate cause of plaintiff's injuries. Accordingly, we conclude that Supreme Court's partial denial of Lands End's motion was proper, albeit for different reasons.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.