Peters, P.J.
As set forth in a prior decision of this Court (Rossal-Daub v Walter, 58 AD3d 992 [2009]), plaintiff commenced this action seeking damages for personal injuries she sustained after a rotting plywood board covering a silage hole in the hayloft of defendants’ barn gave way beneath her. At the time of the accident, plaintiff was visiting third-party defendant, Jeffrey Daub, whom defendants had permitted to store hay in their barn since the mid-1980s. Upon plaintiffs appeal from Supreme Court’s grant of defendants’ motion for summary judgment, we determined that defendants did not have actual notice of the alleged dangerous condition — i.e., the rotted plywood board — but concluded that issues of fact remained with respect to whether defendants had relinquished control of the barn to Daub and whether they fulfilled their duty to inspect and maintain the hayloft (id. at 995-996). Consequently, we reversed Supreme Court’s dismissal of the complaint and remitted the matter for further proceedings (id. at 996).
A jury trial ensued and, following the close of all proof, plaintiff requested that Supreme Court charge the jury that it must find in her favor should it determine that “the plywood board covering the [silage] hole was subject to decay and deterioration due to weather and time and that [defendants] conducted no inspection of the board.” Plaintiff also moved for a directed verdict based on defendants’ failure to conduct any inspections of the silage hole. Supreme Court denied the charge but reserved decision on plaintiffs motion. The jury ultimately concluded that defendants retained control of the barn, but were not negligent in their maintenance of the hayloft floor. *1007 Plaintiff moved to set aside the verdict as against the weight of the evidence and for a mistrial based on Supreme Court’s failure to charge the jury as requested. Supreme Court denied both motions, as well as plaintiff’s earlier motion for a directed verdict, and entered judgment in defendants’ favor. Plaintiff appeals.[1]
We disagree with plaintiff’s assertion that Supreme Court erred in not instructing the jury as requested. Defendants, as the parties found to be in control of the barn, had a duty to maintain the premises in a reasonably safe condition (see Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]; Basso v Miller, 40 NY2d 233, 241 [1976]; Miller v Consolidated Rail Corp., 41 AD3d 948, 950 [2007], affd 9 NY3d 973 [2007]). “The scope of such duty is determined in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk” (Taylor v Lands End Realty Corp., 93 AD3d 1062, 1063 [2012] [internal quotation marks and citation omitted]; see Peralta v Henriquez, 100 NY2d 139, 144 [2003]; Basso v Miller, 40 NY2d at 241). Whether a particular duty exists and the extent thereof is a question of law to be determined by the court (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 288 [2001]; Taylor v Lands End Realty Corp., 93 AD3d at 1063). While a landowner may have an affirmative duty to conduct reasonable inspections of the premises under certain limited circumstances (see e.g. Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [2007], lv denied 9 NY3d 809 [2007]; Personius v Mann, 20 AD3d 616, 619 [2005, Lahtinen, J., concurring in part and dissenting in part], mod 5 NY3d 857 [2005] [homeowner who places wooden pole in ground creating known risk of rotting has duty to periodically inspect it]), we find that no such obligation arose under the facts of this case (see Pommerenck v Nason, 79 AD3d 1716, 1717 [2010]; Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 276 [2010]).[2] Rather, the issue of whether defendants should have conducted periodic inspections of the *1008 hayloft floor was a question of fact for the jury to resolve in determining whether defendants fulfilled their duty to maintain the premises in a reasonably safe condition (see Lockwood v Berardi, 135 AD2d 881, 882-883 [1987]; see also 85 NY Jur 2d, Premises Liability § 199; see generally Tagle v Jakob, 97 NY2d 165, 168 [2001]). Moreover, even if such a duty to inspect arose in this case, the specific charge requested by plaintiff was not an accurate statement of the law (see Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d at 276 [where a duty to inspect arises, failure to conduct a routine inspection constitutes negligence only if such an inspection would have disclosed the defect]; Lee v Bethel First Pentecostal Church of Am., 304 AD2d 798, 800 [2003] [same]). For these reasons, Supreme Court properly declined plaintiffs charge request.[3]
Nor are we convinced that the jury’s verdict was against the weight of the credible evidence. Defendant undertook efforts to maintain the barn by replacing its doors and parts of the roof, as well as by “shor[ing] up” the hayloft floor to ensure its ability to hold the hay stored there. Despite defendants’ admission to having never inspected the hayloft floor, no evidence was introduced as to the extent of the board’s visibility or the length of time before the accident that the plywood board was infected with rot (see Hamlin v McTighe, 240 AD2d 792, 793 [1997]). Notably, Daub testified at trial that, in the course of his more than decade-long use of the hayloft — including the months prior to the accident — he walked across the floor and silage hole many times, never felt the plywood board give way and generally possessed no safety concerns with respect to it. Although there was testimony that moisture may have entered the barn doors near the hayloft floor during periods of inclement weather, no proof was introduced that the integrity of the hayloft floor was compromised as a result. Plaintiff herself also admitted that she believed the barn to be “pretty well maintained.” “Granting defendants, as we must, the benefit of every favorable inference reasonably drawn from the facts adduced at trial” (Johnson v Ingalls, 95 AD3d 1398, 1399 [2012] [internal quotation marks and citation omitted]), we are unable to conclude that “the evidence so preponderate[d] in [plaintiff’s] favor . . . that [the verdict] could not have been reached on any fair interpretation of the evidence” (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks and citations omitted]; accord Dentes v Mauser, 91 AD3d 1143, 1144 [2012]; Ernst v Khuri, 88 AD3d 1137, 1138 [2011]).
*1009 Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.

. To the extent that plaintiffs notice of appeal states that she is appealing from the jury’s verdict as well as the judgment entered thereon, no appeal lies from the verdict itself (see CPLR 5512 [a]; Heilbrunn v Town of Woodstock, 50 AD3d 1377, 1378 n 2 [2008]).

. The fact that we referenced a duty to inspect when the case was previously before us, based upon the parties’ submissions on defendants’ pretrial motion for summary judgment, is not determinative of the issue (see Franco v Jay Cee of N.Y. Corp., 36 AD3d 445, 447 [2007]; Cushman & Wakefield v 214 E. 49th St. Corp., 218 AD2d 464, 468 [1996], appeal dismissed 88 NY2d 951 [1996], lv denied 88 NY2d 816 [1996]; Hammond v International Paper Co., 178 AD2d 798, 799-800 [1991]).

. In light of our determination in this regard, we reject plaintiffs argument that Supreme Court should have granted her motion for a directed verdict based upon defendants’ failure to inspect the hayloft.