LEONARD W. HUTCHINGS et al., Respondents, v MORTON G. YUTER et al., Appellants. [969 NYS2d 447]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered May 15, 2012, which denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In denying defendants' motions, the motion court did not violate the doctrine of law of the case (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). In a prior order, decided by a different judge who was not available to hear the motions at issue, the IAS court granted defendant Neustein's motion for summary judgment to the extent of striking the negligence claim against him, but also determined that plaintiff could proceed against him at trial on the theory of res ipsa loquitur. In the order now on review, the motion court properly clarified that the prior order necessarily implied that a cause of action for negligence remained against Neustein, since "without a cause of action for negligence there is no viable cause of action to

which to apply the doctrine of res ipsa loquitur" (*Ianotta v Tishman Speyer Props., Inc.*, 46 AD3d 297, 299 [1st Dept 2007]). In any event, this Court, in reviewing the motion court's order, is not bound by law of the case (*see Grullon v City of New York*, 297 AD2d 261, 265 [1st Dept 2002]), and we find that the motion court's clarification of the prior order was correct.

The doctrine of collateral estoppel is inapplicable, since the issue of Neustein's negligence based on the doctrine of res ipsa loquitur was never decided in the prior action (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). Further, the issue of defendants Yuter's and Ten Seventy's negligence was not before the court in the prior action, as they were not parties in that action (*id.*).

The motion court correctly determined that res ipsa loquitur applies in this action involving an accident that occurred, according to plaintiff's testimony, when a garage door suddenly fell and struck him on the head, since this is the type of event that does not normally occur in the absence of negligence (*Gutierrez v Broad Fin. Ctr., LLC*, 84 AD3d 648, 649 [1st Dept 2011]; *Allen v Thompson Overhead Door Co.*, 3 AD3d 462, 465 [2d Dept 2004]). Notwithstanding defendants' contentions that others could have had access to the garage door, plaintiff demonstrated sufficient exclusivity of control. "[R]es ipsa loquitur does not require sole physical access to the instrumentality causing the injury and can be applied in situations where more than one defendant could have exercised exclusive control" (*Singh v United Cerebral Palsy of N.Y. City, Inc.*, 72 AD3d 272, 277 [1st Dept 2010]; *see Mejia v New York City Tr. Auth.*, 291 AD2d 225, 227-228 [1st Dept 2002]).

Defendant Yuter's contradictory testimony concerning whether he was present and whether he activated the garage door was insufficient to warrant summary judgment dismissing the action as against him. Indeed, issues of credibility are not to be resolved on summary judgment (*see Alvarez v New York City Hous. Auth.*, 295 AD2d 225, 226 [1st Dept 2002]).

We have reviewed defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.