■ RODNEY J. DUFRAIN, Respondent, v TIMOTHY HUTCHINGS et al., Appellants. [977 NYS2d 484]—

Rose, J.P. Appeal from an order of the Supreme Court (Hall Jr., J.), entered August 28, 2012 in Washington County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a furnace technician, was descending the wooden stairs leading from an outside entrance into the basement of defendants' house when the stairs collapsed. Plaintiff then commenced this action to recover damages for his injuries, alleging that they were due to defendants' failure to properly inspect and maintain the stairs. Defendants moved for summary judgment dismissing the complaint. Finding, among other things, that defendants failed to meet their burden of establishing that they had reasonably inspected the stairs, Supreme Court denied the motion. Defendants appeal.

We affirm. The issue of whether defendants have conducted reasonable inspections of the premises is usually a question of fact for the jury to resolve in determining whether defendants fulfilled their duty to maintain the premises in a reasonably

safe condition (*see Rossal-Daub v Walter*, 97 AD3d 1006, 1007-1008 [2012]; *see also Hoffman v United Methodist Church*, 76 AD3d 541, 542-543 [2010]). The failure to conduct such inspections will result in the imputation of constructive notice to defendants as long as a reasonable inspection would have revealed the defective condition (*see Rossal-Daub v Walter*, 97 AD3d at 1008; *Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501 [2007]).

Here, the staircase was present when defendants purchased the home seven years prior to the accident. It was made of untreated wood, located in a damp basement and, although defendant Timothy Hutchings used the stairs frequently, defendants acknowledged that they did not perform any maintenance on the staircase and did not inspect it. They claim, however, that the deterioration of the staircase could not have been discovered. Viewing the evidence in a light most favorable to plaintiff, including the evidence that the construction of the stairs was not in accordance with acceptable practice and there was rotting wood on the back of the stringers and underneath the runners, issues of fact exist regarding whether defendants should have inspected the staircase and whether a reasonable inspection would have revealed the defective condition (*see Cook v Indian Brook Vil., Inc.*, 100 AD3d 1247, 1248 [2012]; *Rossal-Daub v Walter*, 97 AD3d at 1008; *Oates v Iacovelli*, 80 AD3d 1059, 1061 [2011]; *compare Anderson v Justice*, 96 AD3d 1446, 1448 [2012]). In view of our conclusion, we need not address plaintiff's arguments regarding the application of the doctrine of res ipsa loquitor.

Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.