■ KENNETH LEVIN et al., Respondents, v MERCEDES-BENZ MANHATTAN, INC., Appellant. (And Third-Party Actions.) [11 NYS3d 856]—

Order, Supreme Court, New York County (Donna Mills, J.), entered January 23, 2014, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment, unanimously affirmed, without costs.

It is undisputed that plaintiff Kenneth Levin was injured when a garage door located on the premises of defendant Mercedes-Benz's service center suddenly came down on him. The doctrine of res ipsa loquitur is applicable here because the accident was the kind that does not occur in the absence of negligence (*see Hutchings v Yuter*, 108 AD3d 416, 417 [1st Dept 2013]).

The court properly found that this was one of the "rarest of res ipsa loquitur cases" where the inference of negligence was inescapable (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Mercedes failed to present any evidence of an alternative explanation for the accident. Although the affidavit of the facilities manager indicated that customers should not be waiting in the area under the garage door, no evidence was provided to refute plaintiff's claim that a Mercedes employee, David James, directed him where to stand.

Although Mercedes claimed plaintiffs' motion was premature because depositions had not yet taken place, it failed to indicate what specific discovery might absolve it from liability to plaintiffs. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ. ■