Wilkins v West Harlem Group Assistance, Inc. (2018 NY Slip Op 08247)





Wilkins v West Harlem Group Assistance, Inc.


2018 NY Slip Op 08247


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7780 109107/11

[*1]Cornell Wilkins, Plaintiff-Appellant,
v
West Harlem Group Assistance, Incorporated, Defendant-Respondent.


The Orlow Firm, Flushing (Thomas P. Murphy of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 2, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendant managed a building located at 127 West 127th Street in Manhattan. Defendant leased the premises to the Administration of Children's Services, which employed plaintiff as a peace officer starting on October 1, 2008. The premises contained a locker room with two identical windows on its west wall, which all peace officers used. Verizon technicians had access to the locker room as it housed its communications equipment.
On October 2, 2008, plaintiff used the locker room to change and opened one of the windows half a foot to cool down. When he attempted to close the window, he used a "little bit more force than [he] did when [he] lifted it." As the window closed, it reverberated a bit and then the whole window structure came out and crashed over plaintiff's head.
Plaintiff sued, claiming, among other things, that defendant was on actual or constructive notice of the dangerous condition and the doctrine of res ipsa loquitur was applicable. Defendant moved for summary judgment, on the grounds that it had no notice of the dangerous condition, and res ipsa was inapplicable. Supreme Court granted summary judgment on both grounds. Plaintiff appeals.
The defendant met its prima facie burden on lack of constructive notice of a dangerous condition. While it is disputed that defendant never inspected the windows since installation in 2004, it did not have an affirmative duty to conduct reasonable inspections (Ayers v Dormitory Auth. Of the State of NY, __ AD3d __, 2018 WL 4778917 [1st Dept 2018]; Singh v United Cerebral Palsy of NY City, Inc., 72 AD3d 272, 276 [1st Dept 2010]; Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500 [1st Dept 2007]) lv denied 9 NY3d 809 [2007]).
We find that an issue of fact exists as to the applicability of the doctrine of res ipsa loquitur, which allows for an inference of negligence to be drawn on the occurrence of an accident. The doctrine requires that a plaintiff must demonstrate that the "event is the kind which ordinarily does not occur in the absence of negligence, that it was caused by an agency or instrumentality within the exclusive control of the defendant, and [that] it was not due to any voluntary action or contribution on the part of the plaintiff" (Dawson v National Amusements, 259 AD2d 329 [1st Dept 1999]).
Here, "common experience" dictates that a window being shut does not simply fall out absent negligence. In order to establish exclusive control, plaintiff is not required to show that defendant "had sole physical access" to the window (Dawson, 259 AD2d at 330; Hutchings v Yuter, 108 AD3d 416 [1st Dept 2013] [plaintiff demonstrated exclusive control notwithstanding others had access to the door that fell and struck plaintiff] [citing Singh, 72 AD3d 272]). Further, [*2]there remains a question of fact whether plaintiff did something to contribute to the window falling on him.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK