17-3973-cv
*Taylor v. Manheim Remarketing Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of February, two thousand nineteen.**

PRESENT: GUIDO CALABRESI,
     JOSÉ A. CABRANES,
     RICHARD C. WESLEY,
       *Circuit Judges.*

---

NEVILLE TAYLOR,

    *Plaintiff-Appellant*,        17-3973-cv

    v.

MANHEIM REMARKETING, INC. DBA MANHEIM NY METRO SKYLINE,

    *Defendant-Appellee*,

MANHEIM AUTOMOTIVE DEALER SERVICES, INC, MANHEIM AUCTIONS, INC., MANHEIM, INC., COX ENTERPRISES, INC., NANHEIM REMARKETING INC., DBA NANHEIM NY METRO SKYLINE,

    *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**    ANNETTE G. HASAPIDIS, Hasapidis Law Offices, Ridgefield, Connecticut.

1

**FOR DEFENDANTS-APPELLEES:**     KARIN MCCARTHY, Lawrence, Worden, Rainis & Bard, P.C., Melville, NY.

Appeal from the December 1, 2017 judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Neville Taylor ("Taylor") appeals from the judgment of the District Court granting the summary judgment motion of Defendant-Appellee Manheim Remarketing, Inc., DBA Manheim NY Metro Skyline ("Manheim"). Taylor filed a lawsuit against Manheim for injuries he sustained following a slip-and-fall incident on Manheim's property. He argues that the District Court erred in concluding that there was no material dispute of fact regarding whether Manheim had notice of the alleged defective condition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo. *See Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of [the non-moving party], conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) (internal quotation marks and citation omitted). "Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *El-Nahal v. Yassky*, 835 F.3d 248, 252 (2d Cir. 2016) (internal quotations marks and citation omitted).

Taylor contends that the District Court erred in concluding that there was no material dispute of fact as to whether Manheim had constructive notice of any alleged defective condition. To succeed on a slip-and-fall negligence claim under New York law, a plaintiff must demonstrate the existence of a dangerous or defective condition and must show either that the defendant "created a dangerous condition" or that the defendant "had actual or constructive knowledge of the condition." *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 275 (1st Dep't 2000). Under New York law, a court will impute constructive notice to a party if that party failed to conduct reasonable inspections of its property and "a reasonable inspection would have revealed the defective condition." *Dufrain v. Hutchings*, 977 N.Y.S.2d 484, 485 (3d Dep't 2013); *Quinn v. Holiday Health & Fitness Centers of New York, Inc.*, 789 N.Y.S.2d 782, 783 (4th Dep't 2005) ("The failure to make a diligent inspection constitutes negligence only if such an inspection would have disclosed the defect.").

Taylor argues that Manheim had constructive notice of the alleged defective condition because it did not conduct reasonable inspections of its parking lot premises. Taylor's only evidence regarding his fall in this case is his own testimony and the report and testimony of his proffered expert. In Taylor's own deposition, he repeatedly described slipping on a piece of ice. He described the ice as mixed with gravel. His proffered expert, however, discounted Taylor's testimony and concluded that Taylor did not slip on ice. Instead, he stated in his report and testified during a deposition that Taylor slipped on a bare patch of earth without any gravel that was covered with a slippery substance composed of water and oil. He further testified that he did not know what volume of this slippery substance was present, but that even "a couple of layers of atoms" would render the surface slippery. J.A. 556. On appeal, Taylor relies exclusively on his proffered expert's water-and-oil theory.

Taylor adduced no evidence regarding Manheim's inspections of its parking lot premises. Instead he relies on one line in a Manheim employee's deposition that there were no "general procedures" for maintaining the condition of the parking lot. J.A. 328. But the employee also testified that although there were no "general procedures," Manheim engaged in extensive snow and ice maintenance of the lot in light of Taylor's original contention that he slipped on ice. He further testified that an employee would walk throughout the property to ensure that any icy areas were salted and addressed. Taylor has adduced no further evidence regarding Manheim's inspections of it premises.

Moreover, Taylor presented no evidence that Manheim had a duty to inspect its premises for the water-and-oil substance identified by Taylor's expert, or that a reasonable inspection would have revealed a substance that might have consisted of only "a couple of layers of atoms." J.A. 556. Taylor offered no evidence of a history of similar defective conditions or of previous falls on the property. Nor did Taylor present any evidence that the alleged defective condition existed for an extended period of time.

As such, Taylor has not shown that there is a material dispute of fact that Manheim failed to engage in reasonable inspections and that reasonable inspections would have revealed the alleged defective condition. Accordingly, we conclude that the District Court did not err in finding that Taylor failed to raise a triable issue of fact regarding constructive notice.

## CONCLUSION

We have reviewed all of the arguments raised by Taylor on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 1, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3