Jeanty v New York City Hous. Auth. (2019 NY Slip Op 07367)





Jeanty v New York City Hous. Auth.


2019 NY Slip Op 07367


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


10082 101630/10

[*1] Yolanne Jeanty, Plaintiff-Respondent-Appellant,
v
The New York City Housing Authority, Defendant-Appellant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant-respondent.
Ephrem J. Wertenteil, New York, for respondent-appellant.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered September 11, 2018, which denied defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on the issue of liability and to strike defendant's first, second, and fifth affirmative defenses, unanimously affirmed, without costs.
Plaintiff alleges that she was injured after the armature of a door, through which she was trying to pass in order to exit defendant's premises, fell and struck her in the head. Triable issues of fact exist as to the applicability of the doctrine of res ipsa loquitur. This theory of liability applies when the injury-causing event (1) is "of a kind which ordinarily does not occur in the absence of someone's negligence"; (2) is "caused by an agency or instrumentality within the exclusive control of the defendant"; and (3) was not "due to any voluntary action or contribution on the part of the plaintiff" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986] [internal quotation marks omitted]).
Although the first and third elements may be satisfied in plaintiff's favor, a factual issue exists with regard to the second element as to whether defendant had exclusive control over the instrumentality which caused her accident even though defendant did not have sole physical access to the door (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Dawson v National Amusements, 259 AD2d 329, 330-331 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK