Rosario v Cao (2024 NY Slip Op 00154)

Rosario v Cao

2024 NY Slip Op 00154

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 24404/19 Appeal No. 1405 Case No. 2022-05313 

[*1]Angela Rosario, Plaintiff-Appellant,
v
Peter Z. Cao et al., Defendants-Respondents.

Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for appellant.
Jeffrey Kim, P.C., Bayside (Jeffrey Kim of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered November 4, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was injured when her foot went through the surface of a back deck of an apartment, creating a hole in the deck through which her body fell. Defendants, who owned the building, had purchased the property approximately 51 days before plaintiff's accident, and the building was unoccupied for that entire time.
Defendants failed to establish their entitlement to summary judgment, as they did not show that they lacked actual or constructive notice of a defect in the deck. Defendants testified that they inspected the deck before purchasing the property and also obtained the services of an unidentified inspector. However, they failed to produce the inspection report or any evidence of its contents, nor did they establish that the defect in the deck could not have been discovered upon a diligent inspection (see Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 276 [1st Dept 2010]). In light of defendants' failure to show lack of actual or constructive notice, it is of no moment that they did not create the defective condition of the deck.
Even if defendants met their prima facie burden, plaintiff raised triable issues of fact on constructive notice. Plaintiff retained SJ Carroll, Inc. to perform a search with the Department of Buildings, which revealed that there was no Certificate of Occupancy for defendant's property or the outdoor rear deck. Plaintiff's expert engineer opined that the lack of a certificate of occupancy for the property, including the deck, should have put defendants on notice that the deck was not compliant with applicable building codes and that an inspection would have uncovered weakened plywood under the deck's tile surface.
Plaintiffs also raised an issue of fact regarding the doctrine of res ipsa loquitur, under which notice is inferred (see Mejia v Delgado, 160 AD3d 588, 588 [1st Dept 2018]). The doctrine of res ipsa loquitur allows an inference of negligence to be drawn where (1) the event is of a type that does not normally occur in the absence of negligence, (2) it was caused by an instrumentality within the exclusive control of the defendants, and (3) plaintiff's actions did not contribute in any way to the occurrence (Hodges v Royal Realty Corp., 42 AD3d 350, 351-352 [1st Dept 2007]). The first and third elements are established here because "a deck being put to its regular and intended use does not ordinarily collapse in the absence of negligence," and there is no claim that any contributory negligence by plaintiff caused the collapse (see Zapata v Yugo J & V, LLC, 183 AD3d 956, 958 [3d Dept 2020]). The second element of exclusive control may be established to the extent that plaintiff's claim is based on defendants' failure to maintain the deck since their acquisition [*2]of the property, rather than on the illegal construction of the deck at some earlier date (see Mejia, 160 AD3d at 588).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024