■ MARCIA SANCHEZ et al., Respondents, v DELGADO TRAVEL AGENCY, INC., et al., Appellants. [719 NYS2d 887] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Posner, J.), dated April 12, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff allegedly sustained injuries when she slipped and fell on a moist floor in offices leased by the defendant Delgado Travel Agency, Inc. (hereinafter Delgado), from the defendant Grancolombia Realty, Inc. The defendants moved to dismiss the complaint on the ground, *inter alia,* that they did not have either actual or constructive notice of the condition that caused the injured plaintiff to fall. The Supreme Court denied the motion, finding that the injured plaintiff's deposition testimony raised a triable issue of fact. We reverse.

It is well settled that "[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition that caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.,* 216 AD2d 505, 506; *see also, Gaeta v City of New York,* 213 AD2d 509; *Pirillo v Longwood Assocs.,* 179 AD2d 744). The defendants made a prima facie showing of the absence of notice as a matter of law (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358). The burden

thus shifted to the plaintiffs to come forward with sufficient evidence to show the existence of a triable issue of fact.

The plaintiffs failed to do so. Their opposition was based solely upon the injured plaintiff's deposition testimony that she had observed a man holding a mop in a bucket near the spot where she fell. However, she admitted that she did not see him mopping anywhere. This was insufficient to demonstrate the existence of a triable issue of fact either as to the defendants' creation of the condition, or that they had notice thereof (see, Cellini v Waldbaum Inc., 262 AD2d 345; Spagnola v Trump Taj Majal, 261 AD2d 604; see generally, Gordon v American Museum of Natural History, 67 NY2d 836). Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.