■ RONALD SIEBER, Respondent, v ESTEE LAUDER, INC., Defendant and Third-Party Plaintiff-Appellant. AMERICAN MAINTENANCE, INC., Third-Party Defendant-Appellant. [742 NYS2d 308] —In an action to recover damages for personal injuries, the defendant Estee Lauder, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 17, 2001, as denied its motion for summary judgment dismissing the complaint and all claims insofar as asserted against it, and the defendant American Maintenance, Inc., separately appeals from so much of the same order as denied its motion for the same relief.

Ordered that the order is reversed, on the law, with costs, the motions are granted, and the complaint, the third-party complaint, and all cross claims are dismissed.

The plaintiff was allegedly injured when he slipped and fell on a wet spot on the floor of the premises owned by Estee Lauder, Inc. (hereinafter Estee). He contends that the condition which caused his fall was created when an employee of American Maintenance, Inc. (hereinafter American), filled a bucket of water from a slop sink in a closet in the vicinity of the corridor where he fell. Since there is no proof that the defendants had actual or constructive notice of the wet spot, and the plaintiff's claim that an employee of American created the dangerous condition is mere speculation, the defendants' respective motions for summary judgment should have been granted (*see Dwoskin v Burger King Corp.,* 249 AD2d 358; *Goldman v Waldbaum, Inc.,* 248 AD2d 436).

In light of our determination, we do not reach the issue of whether Estee was entitled to conditional summary judgment on its claim for contractual indemnification from American. Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.