■ Mary Mehalco, Appellant, v Maria Palleschi, Respondent. [789 NYS2d 754]—

Carpinello, J. Appeal from an order of the Supreme Court (Caruso, J.), entered January 20, 2004 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action based on allegations that she had sustained injuries after falling on ice that was covering a sidewalk and steps adjoining the entrance of a two-family home owned by defendant. Following joinder of issue and completion of discovery, defendant moved for summary judgment on the ground that defendant had no actual or constructive notice of an icy condition on the steps. Supreme Court granted defendant's motion, prompting this appeal.

We agree with Supreme Court that plaintiff, whose submissions in opposition to defendant's motion sought only to raise triable issues of fact concerning defendant's constructive notice of the condition of the steps and sidewalk, has failed to overcome defendant's initial proffer that no such notice could be charged. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [citations omitted]; *see Disonell v Stewart's Ice Cream Co.*, 300 AD2d 886, 886-887 [2002]).

In this regard, we find plaintiff's bare allegation that insufficient lighting on the residence's porch contributed to her fall as well as the affidavit of an engineer, who inspected the accident site more than 1½ years thereafter and conjectured that the steps' dilapidated condition at the time of inspection fostered the pooling and freezing of water in winter, to be wholly insufficient to preclude the granting of defendant's motion (*see Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 680-681 [2001]; *La Duke v Albany Motel Enters.*, 282 AD2d 974, 975 [2001]). Moreover, plaintiff admitted at her deposition that she had never experienced problems navigating the steps for any reason on any prior occasion, nor did she dispute defendant's testimony that she had never received complaints of similar falls from anyone else (*compare Lowe v Spada*, 282 AD2d 815, 816-817 [2001]). Finally, plaintiff did not controvert defendant's statement that the sidewalk and steps had been free from ice the day of plaintiff's accident. Therefore, inasmuch as defendant has met her burden of establishing lack of notice, constructive or otherwise, and plaintiff has correspondingly failed to rebut such showing, we conclude that summary judgment was properly granted.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.