JAMES OLSEN et al., Appellants, v DAVID MARTIN et al., Respondents, et al., Defendants. [820 NYS2d 354]—

Kane, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 16, 2005 in Albany County, which, inter alia, granted a motion by defendants David Martin and Michael Martin for summary judgment dismissing the complaint against them.

Plaintiff James Olsen (hereinafter plaintiff) is employed as a police officer with the City of Albany. While working the night shift, plaintiff and his partner responded to a call regarding a fight. Upon arriving at the scene, they saw several young males running down the sidewalk. The officers began chasing the youths, following them into a residence and up to the second floor apartment. After securing one person in the kitchen, plaintiff proceeded to the back porch where his partner was attempting to secure defendant Nathaniel Robinson. A struggle ensued between Robinson and the two officers. Plaintiff felt the porch sway beneath his feet and heard his partner, who had stepped off the porch, yell that the porch was falling. Seconds later, Robinson pulled plaintiff off the porch, dislodging the railing, and the two men fell approximately 18 feet to the ground.

Defendants David Martin and Michael Martin (hereinafter collectively referred to as defendants) owned the house where this incident occurred, having purchased it as a rental property approximately two months earlier. Robinson and his cohorts were not tenants, and apparently chose to enter that apartment at random in their efforts to flee the police. As a result of injuries that plaintiff sustained in his fall and an assault from Robinson, he and his wife, derivatively, commenced this action. Robinson failed to appear, resulting in a default judgment being entered against him. Defendants moved for summary judgment. Supreme Court granted the motion and dismissed the complaint against them. Plaintiffs appeal.

Because defendants did not have notice that the porch railing was in a defective condition, we affirm. To meet their burden, defendants were required to establish as a matter of law that they maintained their premises in a reasonably safe condition, did not create the allegedly dangerous condition and did not have actual or constructive notice of such defect (*see Welch v De Cicco*, 9 AD3d 725, 726 [2004]; *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846 [1997]). Defendants met their burden with proof that they purchased the property two months before this incident, the appraisal report they received before closing noted that no repairs were needed, neither the sellers nor the tenants ever informed defendants of any problems with the porch or its railing, and defendants did not see any problems with the railing when they walked through the house before and after closing.

Plaintiffs do not argue that defendants created the condition or had actual notice. Instead, plaintiffs contend that the defect was apparent and visible for a sufficient time so as to permit defendants to discover and remedy it, thus establishing constructive notice (*see Mehalco v Palleschi*, 15 AD3d 745, 746 [2005]). To support this assertion, plaintiffs offered plaintiff's deposition testimony that the porch teetered and his partner yelled that it was about to collapse. The police report noted "[w]eak railing support beams" on the porch. Robinson's criminal defense attorney submitted an affidavit stating that when he inspected the scene a few days after the incident, "[t]he porch railing was thoroughly rotted out [and] [t]he wood was deteriorated to the point that you could crumple it in your hands." Although this affidavit is some evidence of the condition of the wood, it does not address the surface condition which would have been observed on a visual inspection. Further, the photographs taken shortly after the incident do not support plaintiffs' claim that any deterioration in the railing wood was open and obvious. Proof, discovered after the incident, that the wood on the railing was rotted does not establish that such rotting condition was apparent or visible beforehand.

Plaintiffs' expert engineer stated that the porch was not properly secured to the building, the fastening points were rusty, and the porch lacked proper maintenance as shown by its peeling paint and debris strewn about. Significantly, the expert did not address the condition of the railing nor how the method of securing the porch caused the railing to become dislodged. This expert's brief affidavit was based, in part, on plaintiff's version of events and an inspection—which may have been conducted from the ground without actually going onto the second-story

porch—that was conducted two years after the incident, and after changes had been made to the porch. Even if we were to accept the affidavit despite its foundational problems, the expert's conclusions are insufficient to support a claim of constructive notice regarding a defect in the railing, as opposed to the porch's floor or structure (*see id.* at 746). The remaining evidence that plaintiffs proffered failed to meet their burden. Peeling paint, or even a rickety floor, does not lead one to know that the railing is unsafe. Accordingly, Supreme Court properly granted defendants' motion for summary judgment.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.