■ DEBORAH A. RACZES, Appellant, v MARCIA D. HORNE, Respondent. [892 NYS2d 258]—

Cardona, P.J.

Defendant is the owner and landlord of a two-family residential dwelling located in the City of Schenectady, Schenectady County. In order to maintain this building and others owned by her, defendant has used the services of a maintenance person, Vincent Meyers, for the past several years.[1] Plaintiff began renting the upstairs apartment from defendant in August 2003, which is accessed by two sets of stairs with adjacent railings attached to the wall. Plaintiff asserts that, while descending the

---

1. According to the testimonies of defendant and Meyers, Meyers is a self-employed maintenance person who submitted itemized bills for any hourly work he performed at defendant's properties, which she would then pay by check. Pursuant to this arrangement, Meyers was authorized to make certain minor repairs brought to his attention by a tenant without first consulting defendant, but defendant needed to preapprove any "extensive repair."

apartment stairs in July 2004, the railing she was holding pulled away from the wall, causing her to fall down the stairs and sustain injuries. In 2007, plaintiff commenced this negligence action against defendant. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal.

In order to establish entitlement to summary judgment, defendant had the threshold burden "of establishing that [she] maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *see Reid v Schalmont School Dist.*, 50 AD3d 1323, 1324 [2008]). Here, defendant met that initial burden with proof demonstrating that she did not create the unsafe condition nor have actual or constructive knowledge of the allegedly defective railing. Along with her own affidavit and deposition, defendant produced the deposition testimony of Meyers who affirmatively stated that, prior to plaintiff's accident, he received no complaints about the railing and performed no maintenance on it other than occasionally "check[ing] it and giv[ing] the screws a little turn to make sure everything was tight." Other proof submitted by defendant included plaintiff's deposition wherein she acknowledged that she inspected the apartment prior to moving in and noted that "[e]verything looked good." While plaintiff also claimed that the railing later became "wobbly," she admitted that she never informed plaintiff or Meyers of any problem. Plaintiff's former boyfriend, who witnessed the accident, averred that he had visited plaintiff many times before the incident and the railing never appeared loose. Defendant also submitted an inspection report performed at the apartment in September 2003 by the Schenectady Municipal Housing Authority which did not disclose any problems with the railing.

Since defendant met her threshold burden for her motion, it was then incumbent upon plaintiff to "come forward with evidence establishing triable issues in order to avert summary disposition" (*Candelario v Watervliet Hous. Auth.*, 46 AD3d at 1074). Viewing the proof in the light most favorable to plaintiff (*see id.*), we conclude that she did not raise an arguable issue of fact supporting her claim that defendant had actual and/or constructive notice of the faulty railing. Notably, in opposing the motion, plaintiff principally relies upon her claim that, after the accident, Meyers told her that "this is the third time that I fixed this railing and I'm getting sick of it!" In his deposition

testimony, Meyers denied any recollection of making such a statement, and Supreme Court determined that the alleged remark was inadmissible hearsay (*see Davis v Golub Corp.*, 286 AD2d 821, 822 [2001]). For the reasons that follow, we agree.

Contrary to plaintiff's argument that the statement was attributable to defendant and admissible as a party admission, there is nothing in this record that raises an inference that Meyers had such broad authority that he could be deemed an agent or employee of defendant who was "authorized to make the alleged statement [on behalf of defendant]" (*Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]; *see Loschiavo v Port Auth. of N.Y. & N. J.*, 58 NY2d 1040, 1041 [1983]; *Laguesse v Storytown U.S.A.*, 296 AD2d 798, 800 [2002]; *see also* Barker and Alexander, Evidence in New York State and Federal Courts § 8:20 [5 West's NY Prac Series 2009]). Since plaintiff failed to produce "any evidence as to the speaking authority" of Meyers (*Alvarez v First Natl. Supermarkets, Inc.*, 11 AD3d 572, 574 [2004]), the statement was properly found to be inadmissible (*see Aquino v Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 221 [2007]). Moreover, given the absence of any other proof raising an issue as to actual or constructive notice,[2] we conclude that the complaint was properly dismissed.

All remaining arguments raised by plaintiff have been examined and found to be lacking in merit.

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** The mere fact that defendant undertook responsibility for maintenance at her rental properties does not, standing alone, raise a question of fact as to constructive notice. Instead, plaintiff was required to show that the alleged defect was apparent for a sufficient time prior to the accident so as to "permit defendant[ ] to discover it and take corrective action" (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004] [citation omitted]). Since plaintiff failed to produce admissible proof in that regard, this argument is unpersuasive.