■ ANTHONY J. HOCKENBERRY, Appellant, v REISA MEHLMAN, Respondent. [939 NYS2d 637]—

Kavanagh, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered October 14, 2010 in Warren County,

---

which granted defendant's motion for summary judgment dismissing the complaint.

In November 2007, plaintiff was injured while performing renovations on defendant's home when a front porch step collapsed while he was standing on it. After plaintiff commenced this action to recover for the injuries he sustained in the accident, defendant moved for summary judgment, arguing that the complaint should be dismissed because she did not create the condition that caused plaintiff's accident nor did she have any notice that the step was either dangerous or defective. Supreme Court granted the motion, prompting this appeal.

"To meet [her] burden, [defendant was] required to establish as a matter of law that [she] maintained the[ ] premises in a reasonably safe condition, did not create the allegedly dangerous condition and did not have actual or constructive notice of such defect" (*Olsen v Martin*, 32 AD3d 625, 626 [2006] [citations omitted]; *see Ennis-Short v Ostapeck*, 68 AD3d 1399, 1400 [2009]; *Raczes v Horne*, 68 AD3d 1521, 1522 [2009]). Here, plaintiff does not contend that defendant knew that the steps on the porch were dangerous or that she created the condition that caused the collapse. Rather, he argues that defendant was put on constructive notice that the step was dangerous, and possibly defective, because of findings contained in a report regarding an inspection that was performed for her on the home prior to her purchasing it. Plaintiff also contends that photographs taken of the porch staircase immediately after the accident show that the steps were so dilapidated that it was obvious that they were in need of repair before this accident occurred.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [citations omitted]; *see Ennis-Short v Ostapeck*, 68 AD3d at 1400). Here, the photographs taken after the accident show that the staircase was indeed worn and in need of a coat of paint. However, they do not establish that it was apparent to the naked eye that it was dangerous to use the staircase or that any of the steps could collapse and were in need of repair (*see Olsen v Martin*, 32 AD3d at 626). In that regard, defendant testified that she repeatedly used the staircase to access the porch during the six-month period immediately prior to plaintiff's accident, and that at no time did it appear to her that any of the steps were in danger of collapsing or in need of repair. She also noted that numerous contractors, including

plaintiff, had used the staircase prior to the accident and none of them ever reported any problems with the steps or voiced any concerns regarding their condition. Also, plaintiff admitted that, immediately before the accident, he carried heavy equipment up the staircase onto the porch and did not detect anything out of the ordinary in terms of its condition.

As for the home inspection report, it described the condition of the staircase as marginal, but simply noted that it was "[m]issing hand rails." However, no claim has been made that the lack of hand rails played any role in this accident, and the report did not conclude that the structure of the staircase was dangerous nor did it recommend that it be replaced. For these reasons, we agree with Supreme Court that this report, as well as the photographs submitted by plaintiff, did not create a question of fact as to whether defendant was on notice that the step that collapsed was dangerous or defective prior to the accident (*see Olsen v Martin*, 32 AD3d at 627). As a result, defendant's motion for summary judgment dismissing the complaint was properly granted.

Mercure, A.P.J., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.