■ BEVERLY BEDELL, Respondent, v ROCKING HORSE RANCH CORPORATION et al., Appellants. [943 NYS2d 270]—

Lahtinen, J. Appeal from an order of the Supreme Court (Connolly, J.), entered August 1, 2011 in Ulster County, which, among other things, partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured when she slipped and fell on a clear liquid substance while walking from the swimming pool to the women's locker room at defendants' resort. Defendants eventually moved for summary judgment dismissing the complaint as-

---

serting that they lacked actual or constructive notice of the allegedly wet condition that caused plaintiff's fall. Plaintiff cross-moved for, among other things, a preclusion order or sanction pursuant to CPLR 3126 regarding items that defendants had allegedly destroyed or failed to produce. Supreme Court directed defendants to produce or explain the nonexistence of certain information within 30 days, and this reportedly was done. The court also granted defendants' motion on the issue of actual notice, but denied the motion regarding constructive notice. Defendants appeal, arguing that their summary judgment motion should have been granted in its entirety.

Defendants had the threshold burden of establishing that they maintained their property in a reasonably safe condition, they did not create the condition that caused the accident or have actual or constructive notice of such condition (*see Carpenter v J. Giardino, LLC*, 81 AD3d 1231, 1231 [2011], *lv denied* 17 NY3d 710 [2011]; *Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406, 1406-1407 [2010]). Defendants' proof included testimony that the pool and surrounding areas were inspected early each morning and that, throughout the day, routine inspections were conducted about every hour. Occasionally, these inspections revealed that the hallway was wet in areas between the pool and locker rooms and appropriate drying measures would then be taken. Defendants also submitted plaintiff's deposition in support of their motion. Her testimony revealed that, after using the pool, she dried her feet and then walked barefoot approximately 95 feet from the pool to the section of tiled hallway where the accident occurred. She acknowledged that the floors were clear and dry the entire way. She stated that she slipped on a clear liquid, but she was unable to identify the liquid or estimate the size of the wet area. Defendants submitted sufficient evidence to satisfy their initial burden.

The burden then shifted to plaintiff, and she does not contest Supreme Court's finding that defendants did not have actual notice of the condition, but asserts, as Supreme Court found, that a factual issue exists regarding constructive notice. "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996] [citations omitted]; *accord Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1032 [2008]). No proof was submitted by plaintiff making such a showing. Plaintiff further contends that the fact that on previous occasions water from the pool had been tracked

into the hallway shows constructive notice of an ongoing unsafe condition of which defendants were aware. However, plaintiff's testimony established that the entire walkway from the pool to the place of her accident—some 95 feet away—was dry, and any conclusion that the unidentified liquid that caused her fall was actually water tracked in from the pool would be entirely speculative (*see Carpenter v J. Giardino, LLC*, 81 AD3d at 1233; *see also Mitchell v Uniforms USA, Inc.*, 82 AD3d 1474 [2011]; *Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853 [2005]). Plaintiff's proof does not raise a triable issue regarding constructive notice.

Finally, we are unpersuaded by plaintiff's assertion that summary judgment should be denied on the alternative ground that defendants frustrated the discovery process. Despite some initial inconsistent responses, defendants sufficiently established that the inspection checklists and logs from the day of the accident would have been routinely discarded before this action was commenced over a year after the accident. Defendants reportedly searched in various storage locations and did not find the documents. Supreme Court's handling of this issue fell well within its discretion (*see Dobson v Gioia*, 39 AD3d 995, 998 [2007]).

Peters, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion for summary judgment; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.