Peters, P.J.
While attending a banquet at the campus of defendant Union College (hereinafter defendant) in the City of Schenectady, Schenectady County, plaintiff slipped and fell while traversing a *1152 hallway that runs from the facility’s ballroom to the kitchen. As he was lying on the floor, plaintiff noticed that his clothes were wet and allegedly observed soapy water on the floor. He thereafter commenced this action seeking damages for injuries sustained as a result of his fall, specifically claiming that defendant had actual or constructive notice of the dangerous condition and/or created the condition by way of its improper drainage for its dishwashing units. Following discovery, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, prompting this appeal.
As the proponent of the summary judgment motion, defendant bore the initial burden of establishing that it maintained the premises in a reasonably safe condition and that it neither created the dangerous condition nor had actual or constructive notice of such condition (see Bedell v Rocking Horse Ranch Corp., 94 AD3d 1389, 1390 [2012]; Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1231 [2011], lv denied 17 NY3d 710 [2011]; Cerkowski v Price Chopper Operating Co., Inc., 68 AD3d 1382, 1383 [2009]). To that end, defendant presented evidence that its wait staff walked up and down the hallway in question throughout the duration of the event without incident and that there were no reports of any liquids or fluids on the floor. An employee of defendant who supervised the wait staff explained that, if a spill occurred, defendant’s policy was for the staff member responsible for the spill to immediately clean it. If that person was unable to do so, he or she was instructed to have the dishwasher clean it up. This procedure also applied when a wait staff employee discovered a slippery surface or liquid on the kitchen hallway floor. The evidence established that defendant routinely inspected the dishwashing units, which are located approximately 30 feet from the area where plaintiff fell, and held regular safety meetings to ensure that the equipment was functioning properly.
Defendant also submitted plaintiffs deposition testimony in support of its motion, which revealed that, prior to the incident, plaintiff traversed the hallway to the kitchen roughly four to six times throughout the course of the evening to speak with defendant’s staff, and that at no point in time did he see any water or other liquid on the floor. Nor did plaintiff observe any accumulation of water or liquid on the floor as he walked down that same hallway to reach the kitchen just minutes prior to the incident, or as he was walking back down the hallway towards the ballroom immediately prior to his fall. He only noticed the water as he was lying on the floor, and was unable to discern *1153 where it had come from. This evidence was sufficient to satisfy defendant’s burden (see Bedell v Rocking Horse Ranch Corp., 94 AD3d at 1390).
In opposition to the motion, plaintiff asserted — for the first time — that the puddle of water on the floor was created by defendant’s negligent mopping of the kitchen hallway floor. There is no evidence, however, that anyone actually mopped the floor prior to the incident (see O’Neal v Servicemaster Co./Servicemaster, Inc., 22 AD3d 356, 357 [2005]; Sieber v Estee Lauder, Inc., 293 AD2d 596, 596 [2002], lv denied 98 NY2d 614 [2002]; Sanchez v Delgado Travel Agency, 279 AD2d 623, 624 [2001], lv denied 96 NY2d 711 [2001]). Although the absence of direct evidence that defendant created the condition is not necessarily fatal to plaintiffs claim, as plaintiff may “show[ ] facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred” (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744 [1986] [internal quotation marks and citations omitted]), “ The evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone’ ” (Bloomer v Empire Forklift, Inc., 46 AD3d 1324, 1325 [2007], quoting Silva v Village Sq. of Penna, 251 AD2d 944, 945 [1998]; see Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d at 744). In addition to the absence of evidence that anyone was mopping, plaintiff neither observed maintenance personnel nor cleaning supplies and/or equipment prior to his fall (compare Brown v Simone Dev. Co., L.L.C., 83 AD3d 544, 545 [2011]; Granera v 32nd St. 99¢ Corp., 46 AD3d 750, 751 [2007]; Healy v ARP Cable, 299 AD2d 152, 155 [2002]). Indeed, the only evidence bearing on this issue was the fact that it was defendant’s practice to mop the floors after each event. However, defendant’s practice was to perform such function after all the guests and wait staff had left, and it is undisputed that banquet guests as well as wait staff were still present at the time of plaintiffs fall. As plaintiffs theory that defendant created the dangerous condition by negligently mopping the floor is founded upon mere speculation and surmise rather than admissible evidence, summary judgment was properly awarded to defendant (see Perry v Cumberland Farms, Inc., 68 AD3d 1409, 1410 [2009], lv denied 14 NY3d 706 [2010]; O’Neal v Servicemaster Co./Servicemaster, Inc., 22 AD3d at 357; Sieber v Estee Lauder, Inc., 293 AD2d at 596; Sanchez v Delgado Travel Agency, 279 AD2d at 624).
Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.