Peters, P.J.
Appeal from an order of the Supreme Court (Devine, J.), entered January 11, 2012 in Albany County, which granted defendant’s motion for summary judgment dismissing the complaint.
On the morning of September 27, 2008, plaintiff Buena Decker (hereinafter plaintiff) and her husband attended an estate sale conducted by defendant at property owned by decedent, his mother. As plaintiff was leaving that portion of the sale conducted within the residence, she slipped and fell *1340 while descending a set of wooden stairs leading from the front door. According to plaintiff, the accident was caused by a slippery accumulation of moss and/or mold on the top step of the staircase. Plaintiffs commenced this action against defendant, as executor of decedent’s estate, to recover for the injuries plaintiff sustained as a result of the fall. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal.
To establish entitlement to summary judgment in a slip and fall case, a defendant has the threshold burden of establishing that the property was maintained in a reasonably safe condition and that he or she neither created nor had actual or constructive notice of the allegedly dangerous condition (see Bedell v Rocking Horse Ranch Corp., 94 AD3d 1389, 1390 [2012]; Connolly v United Health Servs., Inc., 77 AD3d 1274, 1275 [2010]). Here, defendant testified that he repeatedly traversed the stairs during the months preceding the estate sale, and at no time did he find any of the steps to be mossy or otherwise slippery. Defendant testified further that he was neither aware of anyone having fallen on the steps prior to plaintiffs accident nor had he received any complaints that the steps were slippery or covered in mold or moss. Linda Foley, who was hired by decedent’s family to assist with the estate sale, testified that she used the steps that morning, swept them in preparation for the sale and did not notice any mold or moss. It was also established that several other people used the steps the morning of the sale without incident and that, shortly before plaintiff’s fall, four men had moved a piano down the steps without complaining of any slippery conditions. Defendant’s wife, who was also present during the sale, explained that she inspected the stairs after plaintiffs fall but did not see anything that would make them slippery or cause plaintiff to fall. This evidence was sufficient to shift the burden to plaintiffs to raise a triable issue of fact (see CPLR 3212 [b]; Raczes v Horne, 68 AD3d 1521, 1522 [2009]; Ennis-Short v Ostapeck, 68 AD3d 1399, 1400 [2009]).
Plaintiffs concede that there is no proof that defendant created the condition or had actual notice, but argue that factual issues exist regarding constructive notice. “Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant ] to discover it and take corrective action” (Bedell v Rocking Horse Ranch Corp., 94 AD3d at 1390 [internal quotation marks and citations omitted]; see Gordon v American *1341 Museum of Natural History, 67 NY2d 836, 837 [1986]; Marino v A.G. Props. of Kingston, LLC, 85 AD3d 1429, 1430 [2011]).
To support their claim of constructive notice, plaintiffs submitted photographs of the front staircase taken “a couple days” after the accident which depict a slight green hue on certain portions of some of the steps. Such photographs, however, do not establish an apparent and visible slippery or otherwise dangerous condition on the stairs (see Hockenberry v Mehlman, 93 AD3d 915, 916-917 [2012]; Olsen v Martin, 32 AD3d 625, 626 [2006]). Indeed, the record contains no evidence that anyone, including plaintiff, observed moss or mold on the steps prior to the accident, and plaintiff herself testified that she did not know whether the “green” area depicted on the stairs was moss or not.* While both plaintiff and a nonparty witness testified that the steps were slippery on the day of plaintiffs fall, the evidence established that it had rained the night before and plaintiff, as well as others, testified that there was intermittent rain or drizzle throughout the morning of the sale. “[T]he mere fact that a floor or walkway becomes slippery when wet does not establish a dangerous condition” (Todt v Schroon Riv. Campsite, 281 AD2d 782, 783 [2001]; see Miller v Gimbel Bros., 262 NY 107, 108 [1933]; Bacon v Altamont Farms, 33 AD2d 708, 709 [1969], affd 27 NY2d 936 [1970]).
Nor have plaintiffs provided any evidence to establish how long the alleged mossy condition existed (see eg. Hamlin v McTighe, 240 AD2d 792, 793 [1997]; compare Secof v Greens Condominium, 158 AD2d 591, 592-593 [1990]) and, absent any description of the nature and characteristics of the alleged mold or moss — such as how much of it had developed or how large of a surface area it covered — there is no evidentiary basis to infer the duration of the condition (see Di Sanza v City of New York, 11 NY3d 766, 767 [2008]; Salty v Altamont Assoc., 198 AD2d 591, 592 [1993]; compare Taylor v New York City Tr. Auth., 48 NY2d 903, 904 [1979]; Anderson v Central Tractor Farm & Family Ctr., 250 AD2d 1023, 1024 [1998]). Plaintiffs’ assertion that the mold/moss-like condition must have, by its nature, been present for a sufficient amount of time for defendant to have noticed it is purely speculative and, thus, insufficient to raise a question of fact as to constructive notice (see Campagnano v Highgate Manor of Rensselaer, 299 AD2d 714, 715-716 [2002]; *1342 Maiorano v Price Chopper Operating Co., 221 AD2d 698, 699 [1995]; Bashaw v Rite Aid of N.Y., 207 AD2d 632, 632 [1994]). Accordingly, Supreme Court properly granted defendant’s motion for summary judgment.
Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 To the extent that plaintiff stated otherwise in her affidavit in opposition to the motion, such a self-serving attempt to contradict her prior deposition testimony cannot create questions of fact (see Valenti v Exxon Mobil Corp., 50 AD3d 1382, 1384 [2008]; Conolly v Thuillez, 26 AD3d 720, 722 [2006]; Campagnano v Highgate Manor of Rensselaer, 299 AD2d 714, 715 [20021).