Garry, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered May 25, 2012 in Cortland County, which denied defendant’s motion for summary judgment dismissing the complaint.
*1236 Plaintiff was hired to paint the metal roof on defendant’s house. In the course of painting the roof on the front porch, he fell to the ground and was injured. Plaintiff commenced this negligence action against defendant seeking damages for the injuries he sustained as a result of the fall. Following joinder of issue and the completion of some discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant appeals.
Although the parties’ accounts describing the events leading to plaintiff’s fall are substantially different, Supreme Court properly viewed the evidence in the light most favorable to plaintiff, as the nonmoving party, upon this application (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). Plaintiff alleges that he had repeatedly instructed defendant not to use the front door adjoining the porch on which he was working, out of concern for her safety, as he had covered the ground in front of the porch with plastic and placed his ladder there. Immediately before his fall he was on the porch roof painting, with a five-gallon bucket of paint and his ladder nearby, when he heard defendant say, “Don’t drop no paint on me” from the area of the front door. Upon hearing this, plaintiff thought that defendant — then a 65-year-old woman whom he knew had recently undergone bilateral knee surgery — was exiting through the doorway, and was thus about to slip on the plastic, causing the ladder to fall, overturning the five-gallon bucket and resulting in her injury. Plaintiff turned and, reaching for the bucket, he slipped, lost his balance, and fell to the ground.*
Initially, contrary to defendant’s contention, as plaintiff’s claim is not based upon a theory of premises liability — he does not allege that he injured himself as a result of a dangerous condition that defendant either created or allowed to exist on her property — the extent of defendant’s duty of care here is not limited to maintaining her premises in a reasonably safe manner or to providing him with a safe place to work (see e.g. Bedell v Rocking Horse Ranch Corp., 94 AD3d 1389, 1390 [2012]; Wolfe v KLR Mech., Inc., 35 AD3d 916, 918 [2006]). Rather, plaintiff alleges that defendant affirmatively engaged in negligent conduct, thereby breaching the more general duty of all landowners “to act in a reasonable manner to prevent harm to those on their property” (D’Amico v Christie, 71 NY2d 76, 85 [1987]; *1237 see Basso v Miller, 40 NY2d 233, 241 [1976]). Stated another way, “[w]henever one person is by circumstances placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that if he [or she] did not use ordinary care and skill in his [or her] own conduct with regard to the circumstances he [or she] would cause danger of injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger” (Havas v Victory Paper Stock Co., 49 NY2d 381, 386 [1980] [internal quotation marks and citation omitted]; accord Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585 [1994]). In the circumstances as alleged, it was reasonably foreseeable that plaintiff could be injured if defendant failed to act with ordinary care. We find it reasonable to impose a legal duty upon defendant, in accord with sound policy and the expectations of society generally (see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d at 585; Miller v Consolidated Rail Corp., 41 AD3d 948, 950 [2007], affd 9 NY3d 973 [2007]).
Having found that a legal duty exists, we further agree with Supreme Court that there are substantial factual issues as to whether defendant breached that duty. Moreover, though defendant alternatively contends that any action taken by her was not the proximate cause of plaintiffs injuries, and that his failure to wear a safety harness constituted an intervening act that absolved her of any purported liability, the resolution of those issues involves questions of fact that are ordinarily within the province of the factfinder (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Feeley v Citizens Telecom. Co. of N.Y., 298 AD2d 745, 745 [2002]). Accordingly, Supreme Court properly denied defendant’s motion for summary judgment.
Stein, J.E, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 Defendant denies that there was plastic on the ground, and asserts that plaintiff never instructed her not to use the front door or porch, and that she did not even know that he was at her house working on the day of his fall. She denies saying anything to plaintiff, and states that she was on the second step in front of her porch when plaintiff landed in a flower bed.