Garry, J.
Appeal from an order of the Supreme Court (McDonough, J.), entered March 21, 2012 in Rensselaer County, which granted defendant’s motion for summary judgment dismissing the complaint.
Plaintiff Marilyn F. Signorelli (hereinafter plaintiff) tripped and fell while descending a carpeted staircase in defendant’s building in the City of Troy, Rensselaer County. Plaintiff and her husband, derivatively, commenced this negligence action claiming that the injuries she suffered in this fall were caused by the defective condition of the staircase. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. Plaintiffs appeal.
To establish a prima facie entitlement to summary judgment, defendant was required to show that it maintained the staircase “in a reasonably safe condition and that [it] neither created nor had actual or constructive notice of the allegedly dangerous condition” (Decker v Schildt, 100 AD3d 1339, 1340 [2012]; see Raczes v Horne, 68 AD3d 1521, 1522 [2009]). Defendant met this burden by submitting the deposition testimony of two members of its board of trustees establishing that no one had previously fallen on the stairs or complained to defendant that they were dangerous, and that the carpeting on the stairs had been in place since the time of construction many years previously.* One of the trustees testified that the carpet was worn, and that the board had therefore determined before plaintiffs accident that it should be replaced, but further stated that the *832 planned renovation was intended to keep the lodge competitive in attracting weddings, parties and other business, and did not result from any safety concerns, as “we knew there was no break in the carpet.” The trustees further testified that the staircase was well-lit with handrails on both sides and that defendant employed a full-time maintenance worker whose responsibilities included cleaning and caring for the stairs. This testimony was sufficient to shift the burden to plaintiffs to establish the existence of issues of fact requiring a trial (see Timmins v Benjamin, 77 AD3d 1254, 1254-1255 [2010]; Ennis-Short v Ostapeck, 68 AD3d 1399, 1400 [2009]).
Plaintiff testified that there was a hole in the carpet, but was unable to describe the hole or its dimensions. Photographs of the staircase revealed that the carpet was worn, but plaintiff conceded that they did not reveal any holes. Nothing in plaintiffs’ submissions demonstrated that the worn condition of the staircase carpeting was dangerous or that a causal connection existed between the carpet’s condition and plaintiffs fall. Thus, plaintiffs failed to raise issues of fact as to whether defendant maintained its premises in a reasonably safe condition (see Knickerbocker v Ulster Performing Arts Ctr., 74 AD3d 1526, 1527 [2010]; Reid v Schalmont School Dist., 50 AD3d 1323, 1325 [2008]; Tejada v Jonas, 17 AD3d 448, 448 [2005]).
Peters, P.J., Rose and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

 According to the trustees, the stairs were constructed either in 1973 or in the early 1980s when an addition was built.