■ HENRY BOTTIERI, Appellant, v TANDY, INC., Doing Business as RADIO SHACK, et al., Respondents. [986 NYS2d 267]—

Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 18, 2013 in Schenectady County, which granted defendants' motions for, among other things, summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for injuries he sustained to his foot when he stepped into a hole in the parking lot of a shopping mall owned by defendant KIR Latham Farms, LP. Plaintiff described the hole as a "pothole" at least 12 inches in diameter and three or four inches deep, and he claimed that it was located near a store in the mall owned by defendant Tandy, Inc. After joinder of issue and discovery, and the failure of all parties—including plaintiff—to locate or verify the existence of the hole, defendants moved for, among other things, summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

Plaintiff limits his argument to the issue of whether defendants had constructive notice of the alleged dangerous condition of the parking lot. Defendants met their burden on this point with proof that the parking lot was regularly inspected, no defective condition had been detected and no one had previously had an accident as a result of the alleged hole or complained of its existence prior to plaintiff's accident (see Signorelli v Troy Lodge #141 Benevolent & Protective Order of Elks, 108 AD3d 831, 831 [2013]; Decker v Schildt, 100 AD3d 1339, 1340 [2012]; Raczes v Horne, 68 AD3d 1521, 1522 [2009]).

In opposition, plaintiff offered no evidence to show that the alleged hole was visible and apparent for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action. There were no witnesses to the accident, plaintiff did not complain to anyone at the store or at the mall after the accident and, although his attorney photographed the parking lot a week after the accident, plaintiff was unable to identify the hole in any of the photographs. Nor, on plaintiff's numerous subsequent visits to the shopping mall, did he ever attempt to locate the hole. In the absence of any evidence upon which to determine the duration of the alleged defective condition, a conclusion that it existed for a sufficient period

of time to be discovered and remedied would be pure speculation and insufficient to raise a triable issue of constructive notice (*see Decker v Schildt*, 100 AD3d at 1341; *Whiting v Bella Vista Dev. Corp.*, 267 AD2d 662, 663 [1999]; *Truesdell v Rite Aid of N.Y.*, 228 AD2d 922, 923 [1996]; *compare Blake v City of Albany*, 48 NY2d 875, 877-878 [1979] [where evidence of the defective condition was sufficient to permit an inference that it had come into existence over a long enough period of time to support a finding of constructive notice]).

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.