*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    517702
_____

HENRY EPPS,
                    Appellant,

          v                              MEMORANDUM AND ORDER

DAVID BIBICOFF et al.,
                    Respondents.
_____

Calendar Date:   November 17, 2014

Before:   Peters, P.J., Rose, Egan Jr. and Lynch, JJ.

                         _____


          Grasso, Rodriguez, Grasso & Burke, PLLC, Schenectady
(Christopher R. Burke of counsel), for appellant.

          Hiscock & Barclay, LLP, Albany (Jonathan H. Bard of
counsel), for respondents.

                         _____


Peters, P.J.

          Appeal from an order of the Supreme Court (Buchanan, J.),
entered July 12, 2013 in Schenectady County, which granted
defendants' motion for summary judgment dismissing the complaint.

          In September 2009, plaintiff was in an alleyway between
defendants' rental property and his residence when a slate tile
from defendants' roof allegedly fell and struck him on his right
shoulder, causing him injury.  Plaintiff commenced this action
against defendants to recover for the injuries he sustained.
Following joinder of issue and discovery, defendants moved for
summary judgment dismissing the complaint.  Supreme Court granted
the motion and plaintiff now appeals.

A defendant landowner moving for summary judgment in a premises liability action is required to demonstrate that he or she "maintained the property in question in a reasonably safe condition and . . . neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (Godfrey v Town of Hurley, 68 AD3d 1527, 1527 [2009] [internal quotation marks and citation omitted]; see Carter v State of New York, 119 AD3d 1198, 1199 [2014]; Scherer v Golub Corp., 101 AD3d 1286, 1287 [2012]). Here, in support of their motion, defendants established that they purchased the residence as an investment property approximately six months before the incident. In conjunction therewith, defendant David Bibicoff conducted a visual inspection of the exterior of the property and did not observe any problems with the condition of the roof. Bibicoff testified that he was not aware of any code violations that needed to be remedied and he received certificates of occupancy for the two rental units in the building after doing some interior repairs. He further testified that he would visit the property monthly to collect rent from the tenants, during which visits he would check on the property, and that, between the time of defendants' purchase of the property and plaintiff's incident, no complaints were received from the tenants or any other individuals regarding the condition of the roof.

Plaintiff, who had lived in the neighboring residence for several years, testified that, prior to the incident, he had never seen slate tiles hanging off of the roof of defendants' property or on the ground of the alleyway between the two buildings; accordingly, he never notified defendants or anyone else of any such tiles. Plaintiff further testified that the slate tile that hit his shoulder was the only piece of slate in the alleyway on the day of his accident. This evidence was sufficient to establish that defendants maintained the premises in a reasonably safe condition and did not create or have notice of the allegedly dangerous condition (see Decker v Schildt, 100 AD3d 1339, 1340 [2012]; Fontanelli v Price Chopper Operating Co., Inc., 89 AD3d 1176, 1177 [2011]; Raczes v Horne, 68 AD3d 1521, 1522 [2009]; Olsen v Martin, 32 AD3d 625, 626 [2006]; compare Dufrain v Hutchings, 112 AD3d 1212, 1213 [2013]), thus shifting the burden to plaintiff to raise a triable issue of fact.

In opposition, plaintiff submitted his own affidavit, as well as that of his wife, Daisy Epps, who asserted that she had made multiple complaints to defendants regarding the state of the roof. Supreme Court excluded Epps' affidavit from consideration, however, as she had not been listed as a notice witness during discovery. Inasmuch as plaintiff provided no reasonable excuse for the failure to provide Epps' name as a notice witness, we agree that Supreme Court properly excluded the affidavit (see Garcia v Good Home Realty, Inc., 67 AD3d 424, 425 [2009]; Rossal-Daub v Walter, 58 AD3d 992, 994 [2009]; Shvartsberg v City of New York, 19 AD3d 578, 579 [2005]). Viewing the proof in the light most favorable to plaintiff, we conclude that his opposition papers failed to raise a material issue of fact as to the condition of the roof and, therefore, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint (see Raczes v Horne, 68 AD3d at 1522-1523; Olsen v Martin, 32 AD3d at 627).

Rose, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court