*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    520417
_____

FAYE M. MURPHY,

                    Appellant,

        v                                    MEMORANDUM AND ORDER

HOMETOWN REAL ESTATE et al.,
                    Respondents.
_____


Calendar Date:  September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____


        Law Office of Steven P. Shultz, Gansevoort (Steven P.
Shultz of counsel), for appellant.

        Muller Mannix & Reichenbach, PLLC, Glens Falls (Daniel J.
Mannix of counsel), for Hometown Real Estate and another,
respondents.

        Santacrose & Frary, Albany (Patrick D. Slade of counsel),
for Jeffrey Hiscox, respondent.


                    _____


Devine, J.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered May 14, 2014 in Warren County, which granted defendants'
motions for summary judgment dismissing the complaint.

        Plaintiff rented an apartment in a building owned by
defendant Jeffrey Hiscox and managed on behalf of defendant
Hometown Real Estate by defendant Andrew Martin.  The building
has an exterior back porch accessible from the first floor
apartments and, in October 2011, plaintiff slipped and fell on
steps leading down from it.  Plaintiff then commenced this

premises liability action, alleging that her fall was caused by a slippery green substance on the porch that could and should have been addressed by defendants. Following joinder of issue and discovery, Hometown and Martin moved for summary judgment dismissing the complaint, and Hiscox separately moved for the same relief. Supreme Court granted the motions. Plaintiff now appeals, and we reverse.

Plaintiff was required by the lease to "properly care for the" porch area by keeping it clear of debris and snow, but it is doubtful that her limited duties in that regard absolved defendants of their general responsibility to maintain a seemingly common area accessible by other tenants (see Hamelin v Town of Chateaugay, 100 AD3d 1330, 1331 [2012]; Wynn v T.R.I.P. Redevelopment Assoc., 296 AD2d 176, 179 [2002]). Moreover, even assuming that the porch was not a common area, defendants reserved the right to enter the premises leased by plaintiff for inspection and repair purposes and, as such, may be held "liable for failure to repair a dangerous condition" therein if they were on notice of it (Chapman v Silber, 97 NY2d 9, 19 [2001]; see Pomeroy v Gelber, 117 AD3d 1161, 1162 [2014]). Defendants accordingly must, in order to succeed upon their motions for summary judgment, "demonstrate that [they] maintained the property in question in a reasonably safe condition and . . . neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (Epps v Bibicoff, 124 AD3d 1100, 1101 [2015] [internal quotation marks and citation omitted]; see Decker v Schildt, 100 AD3d 1339, 1340 [2012]).

Here, Martin and Hiscox were both aware that there was "green slime" on the porch around the time that plaintiff rented the apartment in May 2011. Hiscox authorized Martin to hire a contractor to clean the porch, which was done, and Martin stated that he did not observe the substance on his subsequent visits to the property. Martin and Hiscox, moreover, both denied receiving any complaints about the condition of the porch after that time. Given this prima facie showing that the condition had been resolved and that defendants lacked actual or constructive notice of a continuing risk, plaintiff became obliged to come forward with proof that a "recurring dangerous condition existed in the

area of the accident which was routinely left unaddressed by" defendants (O'Connor-Miele v Barhite & Holzinger, 234 AD2d 106, 106-107 [1996]; see Raczes v Horne, 68 AD3d 1521, 1522 [2009]).

Viewing the evidence in the light most favorable to plaintiff as the nonmoving party (see Anderson v Skidmore Coll., 94 AD3d 1203, 1204 [2012]), she met that burden. Plaintiff averred that the green substance had persisted after the porch was cleaned, that it was slippery when wet and that her repeated demands for Martin to fix the problem went unaddressed. Those assertions were corroborated by the affidavit and deposition testimony of caseworker Allison Sullivan, who had assisted plaintiff with her living arrangements and had also attempted to raise the issue with Martin. Plaintiff further submitted photographs of the area that show the substance on portions of the porch — albeit not on the steps themselves — and stated that she fell after "pick[ing] up" the substance on her shoes as she walked across the porch. While plaintiff's affidavit was clearer than her opaque deposition testimony in explaining the exact mechanism of her fall, the two are not contradictory, and whatever discrepancies exist between them raised credibility questions that cannot be answered in the summary judgment context (see e.g. Coyle v Bommarito, 106 AD3d 1324, 1326-1327 [2013]). Thus, because plaintiff provided more than "mere speculation" to suggest that defendants had actual or constructive notice of the condition that caused her fall, the motions for summary judgment should have been denied (Timmins v Benjamin, 77 AD3d 1254, 1256 [2010]; see Macri v Smith, 12 AD3d 896, 897-898 [2004]; cf. Decker v Schildt, 100 AD3d at 1341).

The alternate grounds for affirmance advanced by defendants, to the extent they are properly before us, have been examined and found to be lacking in merit.

Garry, J.P., Rose and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, and motions denied.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court